IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02441-GPG

AWEYS M. MUHUDIN,

    Plaintiff,

v.

FRED WEGENER, Sheriff,
MONTE GORE, Undersheriff, and
DAN MULDOON, Capt., Jail Administrator,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Aweys M. Muhudin, is detained in the Park County Detention Facility in Fairplay, Colorado. He has filed *pro se* a Prisoner Complaint on the court-approved form (ECF No. 5) asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Mr. Muhudin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Muhudin's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Prisoner Complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint.

1

### I. The Complaint

Plaintiff alleges that he is a Sunni Muslim. He states that his religion requires him to consume only halal meat and that he is forbidden to eat meat from an animal where it is unknown how the animal was killed. Plaintiff further alleges that the Park County Detention Center, which is a "D.O.C. [Department of Corrections] hold facility" (ECF No. 5 at 4), does not offer a halal diet, but does offer other religious diets. Mr. Muhudin states, in his IFP motion, that he request a halal diet when he arrived at the detention facility, but it was denied on the following grounds: a kosher diet is not approved for Muslim inmates; the detention facility does not use pork products in their meals; and, Plaintiff could choose a vegetarian or vegan diet. (ECF No. 4 at 2). Plaintiff asserts that the special diets available to him do not conform to his religious beliefs. (*Id.*). Mr. Muhudin claims that the Defendants have violated the Fourteenth Amendment Equal Protection Clause and the Eighth Amendment. He requests monetary and injunctive relief.

### II. Analysis

The Complaint is deficient because Plaintiff fails to allege specific facts to show each Defendant's personal participation in the alleged constitutional violations.

Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts

by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise– showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Muhudin does not state specific facts to show how any of the named Defendants were personally involved in denying him a halal diet. Plaintiff's allegation that Defendant Captain Muldoon said, "You continue to argue with [staff] at every meal service regarding your dissatisfaction with your religious diet," does not tend to show that Defendant Muldoon was personally responsible for the alleged constitutional deprivations. Plaintiff will be afforded an opportunity to file an Amended Prisoner Complaint to cure the defect in his pleading.

Furthermore, construing the Prisoner Complaint liberally, it appears that Mr. Muhudin may be attempting to asserts a claim based on the deprivation of his First Amendment free exercise rights, or the Religious Land Use and institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc-2000cc-5, instead of the Eighth Amendment. If so, Plaintiff should expressly assert the claim (s) in the Amended Prisoner Complaint and set forth all relevant facts to support a claim for relief. Accordingly, it is

ORDERED that Plaintiff, Aweys M. Muhudin, file **within thirty (30) days from the date of this order,** an Amended Prisoner Complaint, on the Court-approved Prisoner Complaint form, that complies with the directives in this order. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff, at the Park County Detention Facility, a copy of the court-approved Prisoner Complaint form. It is

FURTHER ORDERED that, if Mr. Muhudin fails to file an Amended Prisoner Complaint on the Court-approved within the time allowed, some or all of this action may be dismissed without further notice.

DATED December 14, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge