IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02441-GPG

AWEYS M. MUHUDIN,

    Plaintiff,

v.

FRED WEGENER, Sheriff,
MONTE GORE, Undersheriff, and
DAN MULDOON, Capt., Jail Administrator,

    Defendants.
_____

ORDER TO SHOW CAUSE
_____

    Plaintiff, Aweys M. Muhudin, was detained in the Park County Detention Facility in Fairplay, Colorado, at the time he initiated this action. In compliance with an order directing him to cure deficiencies, Plaintiff filed a Prisoner Complaint, on the court-approved form, on December 9, 2015. (ECF No. 5). Mr. Muhudin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On December 14, 2015, the Court reviewed the Prisoner Complaint and determined that it was deficient because Mr. Muhudin failed to allege specific facts to show the personal participation of each named Defendant in a deprivation of his constitutional rights. (S*ee* ECF No. 7). Consequently, the Court directed Plaintiff to file an Amended Complaint, on the court-approved Prisoner Complaint form, within 30 days of the December 14 Order. (*Id.*).

1

On December 22, 2015, Plaintiff filed a notice of change of address indicating that he had been released from the Park County Detention Center and now resides at a community corrections facility in Colorado Springs.   (ECF No. 8).

On December 24, 2015, the Court issued a minute order directing the Clerk of the Court to resend to Mr. Muhudin, at his new address, a copy of the December 14 Order Directing Plaintiff to File an Amended Complaint, along with a copy of the court-approved Prisoner Complaint form.   (ECF No. 9).   The Court ordered Plaintiff to file an Amended Complaint within 30 days of the December 24, 2015 minute order and warned him that failure to comply may result in dismissal of this action without further notice.   (*Id.*).

Mr. Muhudin has now failed to comply with the December 24, 2105 minute order and the December 14 Order.   However, because it is not clear whether Plaintiff received the December 24 Order, along with a copy of the December 14 Order, and given that his allegations do not appear to be legally frivolous, the Court will afford Mr. Muhudin one final opportunity to file an Amended Complaint that alleges specific facts to show the personal involvement of each named Defendant in the alleged denial of a religious diet.

Mr. Muhudin was warned in the December 14 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where

an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

If Mr. Muhudin wishes to proceed with this action, he must file an Amended Complaint, on the court-approved Prisoner Complaint form, in which he alleges specific facts to show that one or more of the named Defendants has authority over the types of diets provided to inmates and was responsible for denying Plaintiff a halal diet that conformed to his sincerely held religious beliefs.   *See*, *e.g.*, *LaFevers v. Saffle*, 936 F.2d 1117, 1119-20 (10th Cir. 1991) (recognizing that prisoners have a constitutional right to a diet conforming to their religious beliefs and a prison policy that infringes upon that right must be reasonably related to a legitimate penological interest).   Plaintiff's allegation that Defendant Captain Muldoon said, "You continue to argue with [staff] at every meal service regarding your dissatisfaction with your religious diet," does not tend to show that Defendant Muldoon was personally responsible for the alleged denial of a halal diet. Accordingly, it is

ORDERED that Plaintiff, Aweys M. Muhudin, show cause, **within 30 days of the date of this Order**, why this action should not be dismissed for his failure to allege the personal participation of each named Defendant in a deprivation of his constitutional rights.   To show cause, Mr. Muhudin must file an Amended Complaint on the court-approved Prisoner Complaint form.   It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of the court-approved Prisoner Complaint form.   It is

FURTHER ORDERED that if Plaintiff fails to respond to this Order and file an Amended Complaint within the time allowed, this action will be dismissed without prejudice and without further notice.

DATED February 2, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge

4