IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02441-GPG

AWEYS M. MUHUDIN,

    Plaintiff,

v.

FRED WEGENER, Sheriff,
MONTE GORE, Undersheriff, and
DAN MULDOON, Capt., Jail Administrator,

    Defendants.
_____

ORDER OF DISMISSAL
_____

    Plaintiff, Aweys M. Muhudin, was detained in the Park County Detention Facility in Fairplay, Colorado, at the time he initiated this action. In compliance with an order directing him to cure deficiencies, Plaintiff filed a Prisoner Complaint, on the court-approved form, on December 9, 2015. (ECF No. 5). Mr. Muhudin has been granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915.

    Mr. Muhudin alleges in the Prisoner Complaint that he is a Sunni Muslim. He states that his religion requires him to consume only halal meat and that he is forbidden to eat meat from an animal where it is unknown how the animal was killed. Plaintiff further alleges that the Park County Detention Facility, which is a "D.O.C. [Department of Corrections] hold facility" (ECF No. 5 at 4), does not offer a halal diet, but does offer other religious diets. Mr. Muhudin states, in his IFP motion, that he requested a halal diet

1

when he arrived at the detention facility in September 2015, but it was denied on the following grounds: a kosher diet is not approved for Muslim inmates; the detention facility does not use pork products in their meals; and, Plaintiff could choose a vegetarian or vegan diet. (ECF No. 4 at 2). Plaintiff asserts that the special diets available to him do not conform to his religious beliefs. (Id.). Mr. Muhudin claims that the Defendants have violated the Fourteenth Amendment Equal Protection Clause and the Eighth Amendment.   He requests monetary and injunctive relief.

On December 14, 2015, the Court reviewed the Prisoner Complaint and determined that it was deficient because Mr. Muhudin failed to allege specific facts to show the personal participation of each named Defendant in a deprivation of his constitutional rights.   (See ECF No. 7).   Consequently, the Court directed Plaintiff to file an Amended Complaint, on the court-approved Prisoner Complaint form, within 30 days of the December 14 Order.   (Id.).

On December 22, 2015, Plaintiff filed a notice of change of address indicating that he had been released from the Park County Detention Facility and now resides at a community corrections facility in Colorado Springs.   (ECF No. 8).

On December 24, 2015, the Court issued a minute order directing the Clerk of the Court to resend to Mr. Muhudin, at his new address, a copy of the December 14 Order Directing Plaintiff to File an Amended Complaint, along with a copy of the court-approved Prisoner Complaint form.   (ECF No. 9).   The Court ordered Plaintiff to file an Amended Complaint within 30 days of the December 24, 2015 minute order and warned him that failure to comply may result in dismissal of this action without further notice.   (Id.).

Mr. Muhudin failed to file an Amended Complaint by the court-ordered deadline. However, because it was unclear whether Plaintiff received the copies of the December 24 minute and December 14 Order, and given that his allegations did not appear to be legally frivolous, the Court issued an Order to Show Cause on February 2, 2016, directing Mr. Muhudin to file an Amended Complaint, within 30 days, in which he alleged specific facts to show that one or more of the named Defendants had authority over the types of diets provided to inmates at the Park County Detention Facility and was responsible for denying Plaintiff a halal diet that conformed to his sincerely held religious beliefs.  (ECF No. 12).

Mr. Muhudin was warned in the December 14 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Muhudin has now failed to comply with the February 2, 2016 Order to Show Cause. Consequently, the Prisoner Complaint and this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute, and for Plaintiff's failure to allege the personal participation of the Defendants in a deprivation of his First Amendment right to receive a diet conforming to his sincerely held religious beliefs. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 5) and the action are DISMISSED WITHOUT PREJUDCE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to comply with two Court orders, and because Plaintiff has failed to allege specific facts to show each Defendant's personal participation in a violation of his First Amendment rights. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied pursuant to 28 U.S.C. § 1915(a)(3) because any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Muhudin files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 9, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court